589 So.2d 802 (1991)
D.M.J.
v.
STATE.
CR 90-1373.
Court of Criminal Appeals of Alabama.
October 11, 1991.
*803 Don P. Bennett, Dothan, for appellant.
James H. Evans, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
Fifteen-year-old D.M.J. was adjudicated a delinquent by the Juvenile (District) Court of Houston County based on a petition charging the unlawful possession of cocaine. He was committed to the Department of Youth Services. The juvenile's motion for a trial de novo in circuit court pursuant to Rule 28(B), A.R.Juv.P., and Ala.Code 1975, § 12-15-120, and his motion to restore his case to the circuit court for trial de novo were denied. On this appeal from the order of adjudication of delinquency of the juvenile court, the Attorney General candidly admits that "[t]he Appellant correctly asserts on appeal that there is not an adequate record of the proceedings in the District [Juvenile] Court to authorize an appeal to this Honorable Court under Rule 28 of the Alabama Rules of Juvenile Procedure." Appellee's brief at 8. Rule 28(A)(1) authorizes an appeal directly from juvenile court to the appropriate appellate court providing:
"(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
"(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions."
"The State agrees with the Appellant and requests that this Court remand this cause to the Circuit Court of Houston County for a trial de novo." Appellee's brief at 8.
There is no transcript of the proceedings, no agreed upon statement of the facts, and no stipulation by the parties as to what occurred in juvenile court. The record does contain a statement of the proceedings prepared and certified as "an accurate record of the proceedings that were held in this case" by the juvenile court judge. The juvenile's counsel has objected to that record. Rule 20, A.R.Juv.P., states:
"(A) A record of all testimony shall be kept by stenographic reporting, by mechanical or electronic device, or by some combination thereof. Exhibits and other tangible evidence shall be preserved by the party offering the same unless otherwise directed by the court. The record shall be preserved until the time for taking an appeal has expired."
Obviously, the requirements of Rules 20 and 28 have not been satisfied. It appears that the problems caused by the present situation result from the fact that the juvenile was not represented by counsel in the juvenile court proceedings.
The order of the Juvenile Court of Houston County denying the juvenile's motion to proceed with his appeal to the circuit court for trial de novo is reversed. This cause is remanded with directions that the juvenile be allowed to proceed with his appeal in the Circuit Court of Houston County for trial de novo as authorized by Rule 28(B), A.R.Juv.P.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.